UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON WATSON, ) | |
| ) | 3:10-cv-00723-ECR-VPC |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| HOWARD SKOLNIK, *et al.*, ) | |
| ) | September 1, 2011 |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is defendants' motion to dismiss (#15).[1] Plaintiff did not oppose and defendants did not file a reply. For the reasons set forth below, the court recommends that defendants' motion to dismiss (#15) be granted and plaintiff's amended complaint (#13) be dismissed with prejudice.

Plaintiff Shannon Watson ("plaintiff"), a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. *Id.* The events giving rise to plaintiff's first amended complaint occurred while he was in the custody of Nevada Department of Corrections ("NDOC") at Ely State Prison and Wells Conservation Camp. *Id.* at 3-6. Plaintiff was most recently housed at Northern Nevada Correctional Center ("NNCC"). *Id.* at 1. On screening of plaintiff's complaint, the court allowed his Eighth Amendment claims for excessive force and deliberate indifference to a serious medical need to proceed (#12, pp. 5-6)

On June 16, 2011, defendants filed the present motion to dismiss plaintiff's amended complaint for failure to notify the court of plaintiff's change of address (#15). Defendants note that they accepted service on behalf of defendants McDaniel and Koehn and that notice of their acceptance of service was served on plaintiff at NNCC on May 26, 2011. *Id.* at 2. Defendants state

---

[1] Refers to the court's docket numbers.

| | |
|---|---|
| 1 | that the document was returned to them, undelivered, and noted that NDOC paroled plaintiff on May |
| 2 | 13, 2011. *Id.* Plaintiff has not updated his address with the court; therefore, defendants argue that |
| 3 | his amended complaint should be dismissed for failure to follow Local Special Rule ("LSR") 2-2. |
| 4 | *Id.* Plaintiff's opposition was due on or before July 3, 2011. The court entered a *Klingele* order on |
| 5 | June 17, 2011 (#16). The *Klingele* order, addressed to plaintiff at NNCC, was returned as |
| 6 | undeliverable, again noting that plaintiff was paroled (#17). The court entered a minute order *sua* |
| 7 | *sponte* granting plaintiff an extension of time to file an opposition to defendants' motion and |
| 8 | directing him to file a notice of change of address with the court on or before August 5, 2011 (#18). |
| 9 | The minute order warned plaintiff that failure to file written notification of his change of address |
| 10 | violates Local Special Rule ("LSR") 2-2 and may result in dismissal of his complaint with prejudice. |
| 11 | *Id.* The minute order was returned as undeliverable (#19). To date, plaintiff has not filed an |
| 12 | opposition to defendants' motion to dismiss, nor has he updated his address with the court. |
| 13 |     Plaintiff failed to comply with LSR 2-2 because he did not notify the court of his change of |
| 14 | address. In fact, plaintiff has not filed a document with the court since April 11, 2011 (#8). The |
| 15 | Rule provides that the failure to "immediately file with the Court written notification of any change |
| 16 | of address . . . may result in dismissal of the action with prejudice." LSR 2-2. Prior to dismissal for |
| 17 | failure to follow local rules, the court must consider "(1) the public's interest in expeditious |
| 18 | resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the |
| 19 | defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability |
| 20 | of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson* |
| 21 | *v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). This litigation cannot proceed or be decided on |
| 22 | the merits if the court and defendants cannot contact plaintiff, nor should the court or defendants be |
| 23 | required to continue to try to resolve the case without the plaintiff's participation. All five factors |
| 24 | clearly favor dismissal of this case and the court explicitly warned plaintiff of the consequence of |
| 25 | not updating his address. Therefore, as a result of plaintiff's failure to inform the court of his change |
| 26 | of address, the court should grant defendants' motion to dismiss (#15) and enter an order dismissing |
| 27 | his first amended complaint (#13) with prejudice. |
| 28 | |

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court recommends that defendants' motion to dismiss (#15) be **GRANTED**.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#15) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's first amended complaint (#13) be **DISMISSED WITH PREJUDICE**.

DATED: September 1, 2011.

_____
UNITED STATES MAGISTRATE JUDGE